IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| DARLING CHAMBERS, | ) | CASE NO.1:18-CV-01547 |
| | ) | |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND |
| SOCIAL SECURITY | ) | ORDER |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | | |

Before me[1] is an action by Darling Chambers seeking judicial review of a decision

by the Commissioner of Social Security that denied Chambers' application for disability

and supplemental security income benefits.[2] The matter has been fully briefed,[3] the

transcript has been filed[4] and the parties have participated in a telephonic oral argument.[5]

For the reasons that follow, the decision of the Commissioner will be affirmed.

Chambers is a younger individual approaching advanced age with a high school

education.[6] She had been recently working part-time as a housekeeper,[7] but the ALJ found

---

[1]ECF No. 13. The parties have consented to my exercise of jurisdiction.
[2]ECF No. 1.
[3]ECF Nos. 14, 15, 18.
[4]ECF No. 10.
[5]ECF No. 21.
[6]Tr. at 82.
[7]*Id*. at 71.

that she was unable to perform any past relevant work.[8] The ALJ also found that Chambers had the following severe impairments: arthropathies, asthma, obesity, hypertension, personality disorder, depressive disorder, and schizoprenia.[9]

Chambers testified that her mental state causes her to be depressed and that her medications only help for a short time before they need to be readjusted.[10] However, a report from a state agency consultative psychological examination in 2015 found that while Chambers had diminished coping skills her overall level of functioning was only at a slightly reduced level.[11] Later treatment notes in 2016 and 2017 from treating sources found that Chambers was improving at her job, she liked the effects of her current medications, and specifically that the medications "helped her stay focused at work."[12]

In extensively discussing the medical evidence, the ALJ noted that the record supports that Chambers has experienced "limiting signs and symptoms related to her severe psychological impairments."[13] But, the ALJ then observed, recent developments showed memory and focus had improved, while paranoid thinking and hallucinations had decreased.[14] He found that Chambers was otherwise competent to manager her affairs of daily living.[15]

---

[8]*Id*. at 82.
[9]*Id*. at 72.
[10]*Id*. at 130-35.
[11]*Id*. at 77.
[12]*Id*.
[13]*Id.* at 78.
[14]*Id.*
[15]*Id.*

That said, the ALJ still concluded that limitations going to Chambers' mental condition were warranted in the RFC. In that regard, the ALJ set forth specific limitations addressing specific elements of her mental impairment, such as requirements that she perform no more than simple - and only occasionally complex - tasks, that she make only simple decisions in an environment where they are well-explained and introduced slowly, that she have no production quotas, that she have limitations on her interactions with supervisors, co-workers and the public.[16]

In addition to accommodating the recognized mental limitations as described, the ALJ separately addressed Chambers' severe physical limitations stemming from asthma and hypertension. In that regard, the ALJ noted that Chambers' physical symptoms were well-controlled by treatment.[17] However, as with the mental impairments, the ALJ concluded that some additional functional limitations were required so as not to exacerbate Chambers' hypertension or her knee conditions related to arthritic changes and obesity.[18]

Chambers now contends that the ALJ "did not conduct an adequate evaluation" of the opinion evidence as regards her mental limitations.[19] She argues that the more restrictive functional opinions of Chambers' treating nurse practitioners should have been given more credit.[20] She argues that while the ALJ is correct to note that the medical record shows that Chambers' condition improved and her symptoms decreased, it is also true, she

---

[16]*Id.*
[17]*Id.*
[18]*Id.* at 80-81.
[19]ECF No. 15 at 12.
[20]*Id.* at 12-13.

maintains, that even with that improvement she was still "experiencing significant symptoms," such as being written up at work for non-performance.[21]

To this point, Chambers notes that the ALJ gave "great weight" to the functional opinion of Cindy Matyi, Ph.D., a state agency psychological consultant.[22] Chambers contends that the ALJ did not adequately address Dr. Matyi's opinion that Chambers would need flexibility in terms of time needed to perform tasks and production standards.[23]

In fact, as the Commissioner observes, the ALJ expressly tailored the additional mental limitations of the RFC to address the findings of both Dr. Matyi and Dr. Edwards.[24] Both of those sources stated that Chambers needed to not have strict time or production requirements.[25] But, as Dr. Matyi also stated, Chambers could adequately adhere to a schedule.[26] The RFC itself specifically concluded that Chambers can "perform goal oriented work but cannot work at a production rate pace."[27]

As the foregoing demonstrates, the ALJ took great care in the opinion to discuss the evidence as it related to specific elements of Chambers' impairments and then to directly fashion functional limitations addressing those elements. Morever, as Chambers herself admits, the ALJ correctly related the evidence, although Chambers would have preferred a stronger emphasis on an interpretation of that evidence more favorable to her.

---

[21]*Id*. at 13.
[22]*Id*. at 14.
[23]*Id*. at 14-15.
[24]ECF No. 18 at 9.
[25]Tr. at 161 (Edwards), 192 (Matyi).
[26]*Id*. at 192.
[27]*Id*. at 74.

It is the ALJ's task to interpret the medical evidence in totality.[28] His decision in that regard is to be affirmed if supported by substantial evidence, which, as is well-known, is a less exacting standard than even preponderance of the evidence.[29]

Accordingly, for the reasons stated, I find that the decision here is supported by substantial evidence and so is affirmed.

IT IS SO ORDERED.

Dated: September 24, 2019                    s/William H. Baughman Jr.
                                             United States Magistrate Judge

---

[28]*Griffith v. Comm'r of Social Security,* 582 Fed. Appx. 555, 564 (6th Cir. 2014) (citation omitted).
[29]*Bass v. McMahon*, 499 F.3d 506 (6th Cir. 2007).